﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190409-12810
DATE: June 16, 2020

REMANDED

Entitlement to service connection for the cause of the Veteran’s death is remanded.

REASONS FOR REMAND

The Veteran had active service in the United States Army from June 1970 to December 1990. Unfortunately, the Veteran passed away in May 2009. The appellant is his surviving spouse, whom is entitled to receive dependency benefits. 

Initially, the Board expresses its condolences to the appellant for the loss of her husband and recognizes the years of excellent service he provided to this country in the U.S. Army.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in various sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The AMA became effective on February 19, 2019. 

The AMA modernized review system applies to all claims for which VA issues a notice of an initial decision on or after the February 19, 2019, effective date of the modernized review system. The AMA may also apply to claims where the claimant has elected review of a legacy claim under the modernized review system. 38 C.F.R. §§ 3.2400, 19.2. 

A legacy claim is a claim for which VA provided notice of an initial decision prior to the February 19, 2019, effective date of the AMA modernized review system. 38 C.F.R. §§ 3.2400, 19.2. 

The appellant was denied service connection for the cause of the Veteran’s death in a January 2019 rating decision and was notified of this decision on March 25, 2019. She submitted a Board Appeal Notice of Disagreement (VA Form 10182) in April 2019 in which she chose the “Direct Review Lane.” 

Per the Direct Review appeal lane, the review is based on evidence submitted to VA as of the date of the decision on appeal. Therefore, under its review, the Board will consider all evidence submitted up to March 25, 2019, the date of notice of the January 2019 rating decision being appealed. However, as will be explained below, remand is warranted where there is a pre-decision error in VA’s duty to assist, as in the case at hand. 

The Board also notes that additional evidence was received on April 9, 2019, in the form of a Statement in Support of Claim. This date is outside the time period during which the Board can consider evidence. Consequently, the Board cannot consider this evidence. The appellant may, however, at any time, file a supplemental claim with the AOJ after receiving this decision, and the additional evidence will be considered in connection with the supplemental claim. 38 U.S.C. § 5104C(a)(1)(B), (b); 5108; 38 C.F.R. §§ 3.2501, 20.1105(a). If filed within one year, this supplemental claim will preserve the date of the claim denied herein as the effective date of the grant of the benefit or benefits sought. 38 U.S.C. § 5110(2)(B); 38 C.F.R. § 3.2500(h).

Entitlement to service connection for the cause of the Veteran’s death is remanded.

Remand is necessary to correct a pre-decision error in VA’s duty to assist as a medical opinion has not been requested for the issue on appeal. The low threshold to secure a VA exam/opinion have been met as there is a disability and indication of an in-service event and association to service. See McClendon v. Nicholson, 20 Vet. App. 79, 81 (2006). 

Prior to his death, the Veteran was service connected for Morton’s toe with post-operative resection of the proximal phalangeal of the left great toe and degenerative arthritis of the right great to and metatarsal joint. His death certificate lists the Veteran’s cause of death as severe cardiomyopathy, ischemic cardiomyopathy, coronary artery disease, type 2 diabetes mellitus, hypertension and dyslipidemia. There are no listed contributing causes of death. Although the Veteran was not service connected for any of the listed causes of death, the Board must consider whether service connection is warranted for any disabilities listed on the death certificate as cause of death or contributory cause of death.

As to an in-service incurrence and association to service, the appellant asserts that the Veteran’s heart disability and diabetes were related to his in-service Agent Orange exposure. Specifically, she states in a March 2011 correspondence that when the Veteran retired from the military in July 1995, he began to have heart issues at the age of 44. She stated that soon after retirement, he became diabetic. She stated that although he was never in Vietnam, he served at Fort Gordon, Georgia in 1973 and 1974. She stated that in 1966 and 1967, Agent Orange was being used and tested in the southern part of Fort Gordon and was sprayed by air. She also stated that the half-life of the toxin is 10 years or more. She stated that it is therefore her firm belief that the Veteran was exposed to Agent Orange although it had been six years since the initial spraying. The Board notes that the Veteran’s military personnel records do reflect that he was stationed at Fort Gordon in May 1974. Thus, the appellant’s assertions are sufficient to suggest an in-service incurrence and association to service.

The Board acknowledges that service connection is not warranted on a presumptive basis as the Veteran did not have applicable service in Vietnam. See 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). However, the record does not reflect that there has been adequate development (to include referral to Joint Services Records Research Center (JSRRC)) to address entitlement to service connection on a direct basis regarding the Veteran’s claimed in-service Agent Orange exposure. Importantly, the AOJ must attempt to confirm the use of Agent Orange at Fort Gordon in the 10 years prior to May 1974 when the Veteran was stationed there. 

The matters are REMANDED for the following action:

1. Submit a request to the JSRRC to attempt to verify the Veteran’s in-service exposure to Agent Orange. The Board explains that the appellant is asserting that Agent Orange has a half-life of 10 years or more and that the Veteran was exposed in 1973 and/or 1974, six to seven years after use of Agent Orange at Fort Gordon in 1966 and 1967. However, as the appellant asserts a 10-year half-life, the JSRRC request must address the use of Agent Orange at Fort Gordon at least back to 1963, 10 years prior to the Veteran initially being stated there. 

2. If use of Agent Orange at Fort Gordon is verified for any time period between 1963 and 1974, then have an appropriate examiner review the claims file and provide a medical opinion regarding the etiology of each of the Veteran’s listed causes of death. 

The claims file and a copy of this remand must be made available to the reviewing examiner, and the examiner should indicate in the report that the claims file was reviewed.

The examiner is advised that the appellant is competent to attest to the Veteran’s observable symptoms as well as what the Veteran reported to her, and these statements must be considered. Additionally, any opinion provided must be accompanied by a rationale.

Direct Service Connection: The examiner is asked to provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that each of the Veteran’s listed causes of death (heart disabilities, type 2 diabetes, hypertension and dyslipidemia) are related to Agent Orange exposure.

Importantly, the examiner must address the appellant’s assertions that Agent Orange has a 10-year half-life and that the Veteran was exposed six to seven years later.

3. After completing the above actions, readjudicate the claim on appeal. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.